# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

KATHLEEN TEARE,           :

                         :

       Plaintiff,         :

                         :

v.                      :     CIVIL ACTION NO.

                         :     1:05-CV-1236-RWS

REMAX OF GEORGIA, INC.,    :

                         :

       Defendant.      :

## ORDER

This case is before the Court for consideration of Plaintiff Kathleen
Teare's Application for Attorneys' Fees [246] and Plaintiff Kathleen Teare's
Motion to Strike Defendant's Objection to Plaintiff Teare's Application for
Attorneys' Fees and Reply in Further Support of Plaintiff's Application [249].
As an initial matter, Plaintiff Teare's Motion to Strike Defendant's Objection is
**DENIED**. The Court finds that Defendant's Objection was timely filed.
Plaintiff Teare's Alternative Motion for Leave to File a Reply to Defendant's
Objection is **GRANTED**. The Court has given consideration to Plaintiff
Teare's Reply in the ruling that follows.

This action was originally brought by five individual plaintiffs against
ReMax of Georgia, Inc., Ken Moe and Darko Kapelina. The Complaint

asserted claims of sexual harassment and discrimination as well as retaliation on behalf of each of the Plaintiffs. Each of the Plaintiffs asserted that she was constructively discharged. Each of the Plaintiffs also asserted state law claims of intentional infliction of emotional distress and negligent retention. Four of the Plaintiffs asserted state law claims of assault and battery. In total, thirty-four (34) individual claims were asserted against Defendants. Defendants filed Motions to Dismiss which resulted in a Stipulation of Dismissal [12] of Defendant Kapelina. Defendants also filed Motions for Summary Judgment that resulted in judgments in favor of Defendants on all claims except Plaintiff Teare's retaliation claim against ReMax. The Court conducted a bench trial on that claim and, on September 30, 2008, entered an Order [245] finding in favor of Plaintiff and awarding her compensatory damages of $10,000.

Pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5), Plaintiff Teare seeks attorneys' fees of $607,555.90 and costs of $20,695.83 as the prevailing party in this action. Defendant's Objection to Plaintiff's Request [247] goes to the amount of the request rather than Plaintiff's entitlement to attorneys' fees and costs.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation

2

multiplied by a reasonable hourly rate. The product of this formula is the 'lodestar,' which is the guiding light of our fee-shifting jurisprudence." Kenny A. v. Perdue, 532 F.3d 1209, 1219 (11th Cir. 2008) (internal citations and quotations omitted). "Once the court arrives at the lodestar figure, it may be adjusted according to whether the results were excellent, whether the fee was fixed or contingent, and other factors." Nutrivida, Inc. v. Immuno Vital, Inc., 46 F. Supp 2d 1310, 1318 (S.D. Fla. 1998). "[T]he degree of the Plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee." Texas State Teachers Assn. v. Garland Independent School Dist., 489 U.S. 782, 790, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989).

Defendant does not take issue with Plaintiff Teare's prevailing party status nor with the hourly rates sought by counsel. However, Defendant asserts that the number of hours claimed by Plaintiff are unreasonable. First, Defendant asserts that Plaintiff is seeking to recover for work performed for other plaintiffs who had all of their claims dismissed and for claims of her own that were dismissed. Defendant urges the Court to "deduct time spent on discrete and unsuccessful claims." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988). Plaintiff contends that the

3

work done on the unsuccessful claims "was integral to Ms. Teare's retaliation

claim" and should be included in her attorneys' fee claim. (Reply Br. [249] at

4.) She also contends that the time expended on those claims "cannot

reasonably be separated from work concerning Ms. Teare's retaliation claim."

(Pl.'s Br. [246] at 6.) In support of her position she cites the following holding

in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40

(1983):

> In other cases the plaintiff's claims for relief will involve a
> common core of facts or will be based on related legal theories.
> Much of counsel's time will be devoted generally to the litigation
> as a whole, making it difficult to divide the hours expended on a
> claim-by-claim basis. Such a lawsuit can not be viewed as a series
> of discreet claims.

Defendant points out that in <u>Hensley</u> the Court went on to state: "Instead the

district court should focus on significance of the overall relief obtained by the

plaintiff in relation to the hours reasonably expended on the litigation." <u>Id.</u>

In <u>Hensley</u>, the Court also established additional parameters for

consideration of a reasonable expenditure of hours:

> The district court also should exclude from this initial fee
> calculation hours that were not "reasonably expended." Cases may
> be over staffed, and the skill and experience of lawyers vary
> widely. Counsel for the prevailing party should make a good faith
> effort to exclude from a fee request hours that are excessive,
> redundant, or otherwise unnecessary, just as a lawyer in private

4

practice ethically is obligated to exclude such hours from his fee submission. In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

Id. at 434 (internal citations and quotations omitted).

The Court finds that Defendant should not bear the costs associated with the failed claims. The Court recognizes that much of counsel's work may arguably have been applicable to all of the asserted claims. However, the breadth of work required to develop the various claims of all of the plaintiffs cannot be justified as a reasonable expenditure of time for Plaintiff Teare's retaliation claim. Therefore, the Court finds that the number of hours for which Plaintiff Teare seeks to recover is not reasonable, and the Court will reduce the hours for purposes of this award.

Defendant also urges the Court to reduce Plaintiff Teare's claim based on the limited relief obtained.

The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he

5

succeeded?  Second, did the plaintiff achieve a level of
success that makes the hours reasonably expended a
satisfactory basis for making a fee award? . . .

   If . . . a plaintiff has achieved only partial or limited
success, the product of hours reasonably expended on the
litigation as a whole times a reasonable hourly rate may be an
excessive amount.  This will be true even where the plaintiff's
claims were interrelated, nonfrivolous, and raised in good
faith.  Congress has not authorized an award of fees whenever
it was reasonable for a plaintiff to bring a lawsuit or whenever
conscientious counsel tried the case with devotion and skill.
Again, the most critical factor is the degree of success obtained.

Id. at 434, 436.

As noted above, Plaintiff Teare's retaliation claim was the only claim on

which she prevailed.  She contended that she had been constructively

discharged and sought front pay of $928,544.99; back pay of $603,110.11;

compensatory damages; and punitive damages.  However, the Court found that

she was not constructively discharged and awarded only compensatory damages

in the sum of $10,000.00.  The Court concludes that Plaintiff Teare realized

very limited success when one considers the relief she sought throughout this

case, and thus, her attorneys' fees should be reduced accordingly.

Having determined that Plaintiff Teare's attorneys' fees request is due to

be reduced, the more difficult issue is the calculation of that reduction.  "There

is no precise rule or formula for making these determinations."  Id. at 436.  As

6

Plaintiff points out, separation of the work on her successful claim from the

work on the unsuccessful claims with mathematical precision is not possible.

However, "the fee applicant bears the burden of establishing entitlement to an

award and documenting the appropriate hours expended and hourly rate." Id. at

437. Defendant should not be penalized because Plaintiff cannot allocate hours

to specific claims.

Taking into account the substantial work involved in preparing 34 claims

and considering Plaintiff's limited success on one claim, the Court finds that an

award of attorneys' fees of $20,000.00 is appropriate in this case.

Plaintiff Teare also seeks costs of $20,659.83.

> [C]ourts of this circuit have awarded expenses
> reimbursements liberally as appropriate to the specific
> litigation. . . . [W]ith the exception of routine office
> overhead normally absorbed by the practicing attorney, all
> reasonable expenses incurred in case preparation, during the
> course of litigation . . . may be taxed as costs. . . . [T]he
> standard of reasonableness is to be given a liberal interpretation.

Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983)(internal

citations omitted).

The only objection to costs raised by Defendant was raised in a footnote:

> On a related note, Plaintiff seek [sic] $4,958.43 in copying
> costs. At 10 cents per copy, however, Plaintiff now claims
> to have made 49,584 copies. It is unclear what the copies

7

were used for, but Defendant has not received 49,584 copies of documents from Plaintiff.  As such, Defendant objects to Plaintiff's costs to the extent they are equally excessive or redundant.

(Def.'s Obj. at 17 n.6.)  Plaintiff's request for $4,958.43 was included in her bill

of costs and was for court reporter fees, not copying costs.  (Hughes dec. [246]

Ex. 3.)  Counsel has stated that all expenses were reasonably incurred in the

case, and Defendant's objection fails to adequately challenge this item of cost.

(Id. at ¶ 61.)  Further, Defendant has not objected to any of the other costs

sought by Plaintiff.  Therefore, Defendant's objection to costs is denied, and

Plaintiff Teare is awarded costs of  $20,659.83.

Based on the foregoing, Plaintiff Teare is awarded attorneys' fees of

$20,000.00 plus costs of $20,659.83.

**SO ORDERED**, this  23rd  day of December, 2008.


_____

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

8